IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FABIAN MCCOY JONES, JR.                 :
    Plaintiff,                          :
                                        :
v.                                      :          CIVIL ACTION NO. 26-CV-0373
                                        :
JOSHUA SHAPIRO, *et al.*,               :
    Defendants.                         :

## MEMORANDUM

**MARSTON, J.**                                              **February 3, 2026**

Pro se Plaintiff Fabian McCoy Jones, Jr., incarcerated at Lehigh County Jail, brings this civil action against the governor and secretary of state of Pennsylvania and the mayor of the City of Allentown, alleging violations of his "sovereign rights."  He seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Jones *in forma pauperis* status and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I.    FACTUAL ALLEGATIONS[1]

The allegations in Jones's Complaint are brief and, at times, indecipherable.  Jones alleges that the Constitution of the United States does not use the term "sovereign," that "the people of 'the United States of America'" are not classified as "corporations" and "fictions" under the United States Tax Code, and that "only fictions and corporations can be taxed using federal reserve notes."  (*See* Doc. No. 2 at 1.)  He states that the Tax Code "proves" that the United States is a corporation and that pursuant to the Tax Code, only fictions and corporations need to use zip codes for jurisdictional purposes.  (*Id*.)  According to Jones, Defendants—

---

[1] The following facts are taken from the Complaint.  The Court adopts the pagination supplied by the CM/ECF docketing system.  Grammar, spelling, and punctuation errors in quotes from Plaintiffs' submissions are cleaned up where necessary.

Pennsylvania Governor Joshua Shapiro, Pennsylvania Secretary of State Al Schmidt, and Allentown Mayor Matt Tuerk—had an obligation to disclose "this information" but failed to do so. (*Id*.) Defendants allegedly "coerced, conspired, and stole" from Jones and other "sovereign people," presumably by subjecting them to taxation. (*Id*.) Jones seeks "restitution" from Defendants, including five hundred million dollars. (*Id*. at 2, 3.) He also seeks to be released from the Lehigh County Jail, a "clean criminal record," and for his driving and firearm privileges to be restored. (*Id*. at 2.)

## II.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Because Jones is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor").[2]

## III.   SCREENING UNDER § 1915(E)

Because the Court grants Jones leave to proceed *in forma pauperis*, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As Jones is proceeding pro

---

[2] However, since Jones is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

se, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Jones's Complaint fails to state a legal or factual basis for any claim within the Court's jurisdiction. Jones seeks money damages from Defendants—all state and local elected officials—for alleged violations of his "sovereign rights." As best as the Court can discern, Jones argues that he is exempt from paying taxes because he is a sovereign individual and not a corporation or "fiction." Jones's claims are predicated on sovereign-citizen-style arguments and concepts that courts have summarily rejected as frivolous. *See, e.g.*, *Ewans v. New Jersey*, No. 25-1368, 2025 WL 2630569, at *1 (3d Cir. Sept. 12, 2025) (summarily affirming dismissal of complaint "replete with sovereign-citizen-like legal jargon"); *Washam v. Superintendent Dallas SCI*, No. 21-3073, 2022 WL 1402054, at *1 (3d Cir. May 4, 2022) (affirming dismissal, without leave to amend, of complaint composed "largely of frivolous Sovereign-Citizen-like arguments and legal jargon that was by turns inapposite and indecipherable").

Courts have also rejected the specific argument that Jones appears to advance in his Complaint—that his status as a "sovereign" exempts him from paying taxes. *See, e.g.*, *Smiles v. County of Berks*, No. 17-3543, 2017 WL 3496486, at *1 (E.D. Pa. Aug. 14, 2017) (rejecting as frivolous the plaintiff's argument that he should not be subject to local property tax because he is a sovereign citizen and "because he is an individual rather than a corporation"); *Bey v. Indiana*, 847 F.3d 559, 559-60 (7th Cir. 2017) (rejecting plaintiff's argument that he is "a 'sovereign citizen' and therefore can't lawfully be taxed by Indiana or its subdivisions in the absence of a contract between them and him"); *Adams v. United States*, No. 19-4665, 2019 WL 2491597, at *1 (S.D.N.Y. May 29, 2019) (dismissing complaint as frivolous where sovereign citizen plaintiff alleges "he is not subject to any legal obligations, including the obligation to pay taxes"); *Aran v.*

3

*Dep't of Treasury & Internal Revenue Serv.*, No. 21-4748, 2022 WL 377957, at *3 (E.D.N.Y. Feb. 8, 2022) ("Courts have resoundingly rejected the particular sovereign-citizen type of claim Plaintiff appears to advance here, namely, that his status as a sovereign citizen relieves him of his obligation to pay taxes."); *Hebold v. United States*, No. 25-474, 2025 WL 2969164, at *1 (D. Me. Oct. 21, 2025) (stating that sovereign citizen legal theory that he is not obligated to pay taxes is "patently meritless" and has been "widely rejected by courts across the country"), *report and recommendation adopted*, No. 25-474, 2025 WL 3161638 (D. Me. Nov. 12, 2025).

To the extent that Jones's request to be released from custody is based on a claim that, as a sovereign, he is not subject to the jurisdiction of the courts, such an argument is also rejected as frivolous. *See United States v. Taylor*, 21 F.4th 94, 102 n.6 (3d Cir. 2021) (stating that a sovereign citizen's belief that he or she is "neither subject to federal law nor federal courts' jurisdiction" is meritless); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) ("[A]n individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no conceivable validity in American law.'" (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990))); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.").

## IV.    CONCLUSION

Based on the foregoing, the Court concludes that Jones's Complaint is factually and legally baseless and must be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  An appropriate Order dismissing this case follows.